Filed 6/5/15; pub. order 7/2/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065565 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE317734) |
| JOHN ROBERT BECKEMEYER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

John Beckemeyer appeals from a judgment convicting him of attempted murder and assault with a deadly weapon. The offenses occurred during an incident in which he assaulted a woman he had been dating (Linda Majka) and Majka's son (Craig Jakubiak). At sentencing, the trial court issued a 10-year protective order restraining defendant from having contact with Majka and Jakubiak. This postconviction protective order is authorized in domestic violence cases pursuant to Penal Code section 136.2, subdivision (i)(1).[1] Defendant asserts the protective order must be stricken as to Jakubiak because Jakubiak (unlike Majka) does not qualify as a domestic violence victim.[2] We conclude the statute encompasses a person, like Jakubiak, who was *actually assaulted* during the domestic violence incident, and who accordingly meets the broad definition of "victim" set forth in the statutory scheme.

FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant and Majka started dating in December 2011, but on January 8, 2012 Majka ended the relationship because defendant was "extremely controlling and jealous." Majka did not allow defendant to come to her house anymore. However, at about 6:30

---

[1]     Subsequent unspecified statutory references are to the Penal Code.

[2]     Defendant initially challenged the validity of the protective order as to both Majka and Jakubiak based on his contention that section 136.2, *subdivision (a)* did not authorize protective orders beyond the duration of the criminal proceedings. (See our discussion section below.) However, after the People pointed out that postconviction protective orders are authorized in domestic violence cases under section 136.2, *subdivision (i)*, defendant effectively conceded that the protective order properly applied to Majka.

[3]     Because defendant pled guilty, our summation of the facts of the offense is based on the preliminary hearing transcript.

a.m. on January 14, 2012, defendant entered Majka's residence and confronted her while she was in her bathroom. Majka told defendant to leave, but defendant did not comply. Defendant hit Majka in the head with his fist, knocked her down, sat on top of her, pulled hair out of her head, repeatedly banged her head on the floor, and tried to choke her. Defendant was saying, " 'If I can't have you, nobody's going to want you.' "

Majka's adult son (Jakubiak), who had been sleeping in a back bedroom, arrived at the bathroom and told defendant he had called 911. Defendant then "went after" Jakubiak. Defendant hit Jakubiak and knocked him down; got on top of him; punched him; grabbed Jakubiak's cane and repeatedly hit him with the cane; and took a rock and repeatedly hit him with the rock. Defendant also pulled a rubber stopper off the bottom of the cane, and tried to stab Jakubiak with the sharp, metal "jagged edge" of the cane. During the attack on Jakubiak, defendant said, " 'Are you ready to die today?' "

While defendant was attacking her son, Majka jumped on defendant's back and pleaded with him to stop. Defendant got up and "started back" at Majka. They were now in the hallway, where he knocked her down, banged her head on a drill press, and repeatedly tried to "snap [her] neck" by jerking it from side to side. Jakubiak, who had left the bathroom area, came back and told defendant the police had arrived, and defendant released Majka.

When the police entered the residence, defendant told them he had a gun and they " 'might as well shoot' " him. The altercation continued to escalate, but the officers were eventually able to subdue defendant and arrest him.

3

As to victim Majka, defendant was charged with attempted murder and assault by means of force likely to produce great bodily injury. As to victim Jakubiak, defendant was charged with two counts of assault with a deadly weapon with allegations that he personally used a deadly weapon (a rock and a cane), and one count of making a criminal threat. He was also charged with resisting an officer; attempting to prevent or dissuade a witness on January 15, 2012; and enhancement allegations consisting of a serious felony prior conviction, five prior prison terms, and two strike prior convictions.

Defendant pled guilty to attempted murder of Majka, and one count of assault with a deadly weapon of Jakubiak with a finding that he personally used a deadly weapon. He admitted the serious felony prior, one prison term prior, and one strike prior. The remaining charges were dismissed. The court sentenced defendant to 16 years in prison. The court also imposed a protective order under section 136.2 which restrained defendant from having contact with Majka and Jakubiak for 10 years.

## DISCUSSION

Defendant asserts the postconviction protective order issued under section 136.2 must be vacated as to Jakubiak because he was not a domestic violence victim within the meaning of the statute.

When interpreting a statute, we view the statutory enactment as a whole; consider the plain, commonsense meaning of the language used in the statute; and seek to effectuate the legislative intent evinced by the statute. (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1421.)

4

Section 136.2, subdivision (a) authorizes a trial court to issue protective orders to protect "a victim or witness" in a criminal matter.  (§ 136.2, subd. (a)(1).)[4]  Section 136 defines "victim" for purposes of a section 136.2 protective order, stating:  "As used in this chapter:  [¶] . . . [¶] (3) '*Victim*' *means any natural person with respect to whom there is reason to believe that any crime* as defined under the laws of this state . . . is being or *has been perpetrated* or attempted to be perpetrated."  (Italics added.)

The courts have construed section 136.2, subdivision (a) to authorize imposition of protective orders only during the pendency of the criminal action.  (*People v. Stone* (2004) 123 Cal.App.4th 153, 159; *People v. Selga* (2008) 162 Cal.App.4th 113, 118.)  Thus, once the defendant is found guilty and sentenced, the court's authority to issue a protective order under section 136.2, subdivision (a) generally ceases.  (*Stone, supra*, at p. 160; *Selga, supra*, at pp. 118-119.)

However, in 2011, the Legislature responded to this restrictive judicial construction by creating an exception to the preconviction limitation of a section 136.2 restraining order for *domestic violence* cases.  (Stats. 2011, ch. 155, § 1.)  Effective January 1, 2012, the Legislature added section 136.2, subdivision (i) to the statutory scheme so that a 10-year postconviction protective order would be permissible when a

---

4    Section 136.2, subdivision (a)(1) states:  "Upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, a court with jurisdiction over a criminal matter may issue orders, including, but not limited to, the following . . . ."  The section then lists various types of protective orders the court may issue.  (§ 136.2, subd. (a)(1)(A)-(G).)

defendant was convicted of a domestic violence offense.[5]  Section 136.2(i)(1) states:  "In all cases in which a criminal defendant *has been convicted of a crime involving domestic violence as defined in Section 13700 . . .* , the court, *at the time of sentencing*, shall consider issuing an order restraining the defendant from any contact with *the victim.*  The order may be valid for up to 10 years, as determined by the court.  This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail, or whether imposition of sentence is suspended and the defendant is placed on probation.  It is the intent of the Legislature in enacting this subdivision that the duration of any restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family."  (Italics added.)[6]

Thus, section 136.2(i)(1) authorizes a postconviction restraining order (1) when the crime qualifies as a "domestic violence" crime, and (2) the protected person qualifies as a "victim."  The code defining "domestic violence" referenced in section 136.2(i)(1) states domestic violence includes abuse committed against a person with whom the

[5]     For convenience, we omit the term "subdivision" in our subsequent references to section 136.2, subdivision (i)(1).

[6]     The current version of section 136.2(i)(1) (quoted in part here) is slightly different from the version in existence at the time of defendant's sentencing, but the differences have no substantive consequence in this case.

defendant has had a dating relationship. (§ 13700, subd. (b).)[7] Because defendant was dating Majka, he committed a crime that qualifies as a "domestic violence" crime, and he does not dispute that Majka qualifies as a "victim" for purposes of a section 136.2(i)(1) protective order. However, he contends that Majka's son, Jakubiak, does not qualify as a "victim" within the meaning of section 136.2(i)(1) because Jakubiak was not in a statutorily-defined domestic relationship with defendant.

As set forth above, for purposes of a section 136.2 protective order, "victim" is broadly defined in section 136 as any person against whom there is reason to believe a crime has been committed. Because defendant was convicted of committing a crime against Jakubiak during the domestic violence incident, Jakubiak readily falls within this definition of victim. When enacting section 136.2(i)(1) to permit 10-year postconviction protective orders in domestic violence cases, the Legislature was aware of this broad definition of victim generally applicable to section 136.2 protective orders, and it did not enact a provision narrowing its scope for purposes of a postconviction domestic violence protective order. (See *People v. Harrison* (1989) 48 Cal.3d 321, 329 ["Legislature . . . is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof"].)

In *People v. Delarosarauda* (2014) 227 Cal.App.4th 205, 208, 211 (*Delarosarauda*), the court recognized that section 136's broad definition of victim

---

7   Section 13700, subdivision (b) defines domestic violence as including "abuse committed against an adult . . . who is a . . . person with whom the suspect has had . . . a dating . . . relationship."

applied to section 136.2(i)(1) postconviction domestic violence protective orders, but concluded the protective order before it could not be sustained as to persons (the defendant's son and stepdaughter) who were *not* assaulted during the incident. *Delarosarauda* states: "Under the plain language of section 136.2, subdivision (i)(1), a postconviction protective order is limited to restraining the defendant from contact with a 'victim,' that is, a 'natural person with respect to whom there is reason to believe that any crime . . . is being or has been perpetrated or attempted to be perpetrated.' (§ 136, subd. (3).) Appellant was convicted of assaulting [a cohabitant]. On the record before the trial court, there was no reason to believe that any crime was being or had been perpetrated or attempted to be perpetrated against [the children]. [The cohabitant] testified that appellant 'never touched' the children, and no evidence suggests that appellant ever attempted to harm them. . . . Thus, section 136.2, subdivision (i)(1) does not provide statutory authorization for the issuance of a protective order forbidding appellant any contact with [the children]." (*Ibid.*)

In contrast to the factual circumstances in *Delarosarauda*, Jakubiak was physically assaulted by defendant during the domestic violence incident. Accordingly, Jakubiak qualifies as a victim for purposes of a postconviction protective order under section 136.2(i)(1), and the court was authorized to issue the order as to him.

DISPOSITION

The judgment is affirmed.


                                                                HALLER, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

Filed 7/2/15

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065565 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE317734) |
| JOHN ROBERT BECKEMEYER, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | |

THE COURT:

The opinion filed June 5, 2015 is ordered certified for publication.

MCCONNELL, P. J.

Copies to: All parties