Filed 11/9/15  P. v. Hiles CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIANNE HILES,<br><br>    Defendant and Appellant. | D067230<br><br><br><br>(Super. Ct. No. JCF33154) |

APPEAL from an order of the Superior Court of Imperial County, Donal B. Donnelly, Judge.  Reversed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Seth Friedman and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Brianne Hiles pleaded guilty to battery with serious bodily injury. (Pen. Code, § 243, subd. (d).)[1] The trial court sentenced Hiles to three years in prison and denied her motion to terminate a criminal protective order, prohibiting her from contact with her mother—the victim of the battery—issued under section 136.2. The People contend that Hiles's crime is within the definition of domestic violence (Fam. Code, § 6211), allowing the court to continue the protective order for up to 10 years. The People further argue that the face of the criminal protective order itself allows the order to remain in effect for three years and the order was part of Hiles's plea agreement. Hiles argues the trial court erred in denying the motion because after she received a sentence to state prison, the trial court lost its jurisdiction to continue and enforce the protective order under section 136.2. We agree, reverse the order, and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2014, Hiles woke her mother by banging on the bedroom door and demanded money to purchase "spice"—synthetic marijuana. When her mother told Hiles she had no money, Hiles demanded her mother get on the floor to look for spice. She then kicked her mother in the rib cage and leg and, when her mother stood and attempted to walk away, she threw a heavy glass object and hit her mother in the back of the head. Hiles grabbed an envelope opener and threatened her mother's life. Hiles let her mother go, took a Valium and fell asleep. Later that morning, Hiles again became violent and demanded her mother drive her to buy more spice. While driving, Hiles punched her

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

2

mother repeatedly in the face, breaking her nose and causing vision loss. Her mother finally drove to a convenience store, and went in the store for help. Hiles chased her, demanding her wallet and that she return to the car. Her mother turned over her wallet and Hiles drove away. Her mother sustained a fractured nasal bone, facial contusions, a closed head injury, scalp lacerations, and a subconjunctival hemorrhage to her eye.

Two days after the incident, Hiles was charged with assault with a deadly weapon (§ 245, subd. (a) (1)), second degree robbery (§ 211), kidnapping by force or fear (§ 207, subd. (a)), torture (§ 206), making criminal threats (§ 422, subd. (a)), and battery with serious bodily injury (§ 243, subd. (d)). On May 27, 2014, the People requested a criminal protective order under section 136.2, naming Hiles's mother as the protected person. Hiles pleaded guilty to battery with serious bodily injury and agreed to a three-year prison term, in exchange for dismissal of all other counts. At the sentencing hearing on July 10, the trial court asked the parties to "verify there is currently a criminal protective order [and] [i]t will remain in effect pending a motion to modify?" Both parties acknowledged its existence and the trial court proceeded to impose the three-year prison sentence. There is no record that the criminal protective order was part of the original plea agreement.

On October 9, 2014, Hiles filed a notice of motion and motion to terminate the criminal protective order based on lack of jurisdiction after sentencing. The order stated: "2. This order expires on (*date*):_____[.] If no date is listed, this order expires three years from the date of issuance." No date was listed. On the reverse in "Warnings and Notices," section six states "[o]rders under Penal Code section 136.2 are valid as long as

3

the court has jurisdiction over the case. They are not valid after imposition of a state prison commitment." Hiles's mother attended the hearing and supported vacating the order so she could visit her daughter in prison. The trial court instructed Hiles's mother to obtain a request to withdraw the order, with a declaration outlining her reasons, and to file it with the court.

On November 4, 2014, Hiles filed a second motion to terminate. The People filed opposition, contending the court properly asserted jurisdiction under section 136.2, subdivision (i), because the crime was one of domestic violence. Hiles responded and argued section 136.2, subdivision (i), was not applicable because her crime was not within section 13700's definition of domestic violence. The trial court heard argument and denied the motion to terminate the protective order. At the hearing, the parties agreed a court reporter was not necessary so there is no record to substantiate the trial court's reasoning. Hiles timely appealed.

On appeal, Hiles urges this court to vacate the protective order. She argues that section 136.2, subdivision (i), is inapplicable because her crime is not within section 13700's definition of domestic violence. The People argue that section 136.2, subdivision (i), does apply because the crime is within the section 136.2, subdivision (i), reference to Family Code section 6211. The People also argue the order is valid based on it being a part of Hiles's plea agreement and because the face of the order contained no end date. Because section 136.2 allows an order to remain in effect only prior to imposition of a state prison commitment and section 136.2, subdivision (i), did not contain a reference to

4

Family Code section 6211 at the time of Hiles's crime, we reverse the trial court's order maintaining the criminal protective order.

DISCUSSION

Section 136.2, subdivision (a), authorizes a court "with jurisdiction over a criminal matter" to issue protective orders based upon a "good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur." Under this statute, a trial court has jurisdiction to issue protective orders that apply during the pendency of a criminal matter, but has no authority to issue a protective order extending beyond the pronouncement of judgment. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382-386; *People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1478; *People v. Selga* (2008) 162 Cal.App.4th 113, 118-119; *People v. Stone* (2004) 123 Cal.App.4th 153, 159-160.)

Because of this preconviction limitation, in 2011 the Legislature enacted an exemption for domestic violence cases. Effective January 1, 2012, a trial court could impose a postconviction protective order for up to 10 years for domestic violence crimes specified in section 136.2, subdivision (i). The statute defined domestic violence as that set forth in section 13700, which states: " 'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant [and] [f]or purposes of this subdivision, 'cohabitant' means two unrelated adult persons living together for a substantial period of time . . . ." In 2014, the Legislature amended section 136.2, subdivision (i), to include crimes of domestic violence as defined by Family Code 6211. Family Code 6211 defines domestic violence similarly, but—at issue here—

5

includes abuse perpetrated against "[a]ny other person related by consanguinity or affinity within the second degree." The amendment took effect January 1, 2015. (§ 136.2, as amended by Stats. 2014, ch. 673, § 1.3.)

"It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectvity or a clear indication that the electorate, or the Legislature, intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287, citing *People v. Hayes* (1989) 49 Cal.3d 1260, 1274; *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1206-1209; *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393; *Jones v. Union Oil Co.* (1933) 218 Cal. 775, 777; cf. *In re Estrada* (1965) 63 Cal.2d 740, 746.) When the Legislature has not made its intent clear, the Legislature's generally applicable declaration, " '[n]o part . . . is retroactive, unless expressly so declared,' " is applied. (*People v. Brown* (2012) 54 Cal.4th 314, 319; Civ. Code, § 3.)

Here, Hiles committed a crime of domestic violence against her mother on May 19, 2014. However, at the time of her crime, section 136.2, subdivision (i), defined domestic violence with reference only to section 13700—not that of Family Code section 6211—on which the People rely. Section 13700 subdivision (b), does not encompass a crime of domestic violence between a mother and daughter because "cohabitant" is defined as "two unrelated adult persons." (§ 13700, subd. (b).) The People rely heavily on *People v. Beckemeyer* (2015) 238 Cal.App.4th 461 for the proposition that in 2011, the Legislature recognized the broad definition of "victim" within section 136.2 and did not intend to enact any provision that would narrow the scope of a postconviction

6

protective order. This reliance is misplaced. In *Beckemeyer*, the court had to determine whether a postconviction protective order could remain after the victim's ex-boyfriend went to prison. The court relied on the definition of domestic violence based on section 13700—not Family Code section 6211. (*Beckemeyer,* at pp. 465-466.) Section 13700 applied because the abuse committed was against an adult "with whom the suspect . . . has had a dating or engagement relationship." (§ 13700, subd. (b).)

We have no record of the termination hearing to indicate whether the trial court extended the protective order under the domestic violence exception in section 136.2, subdivision (i). In our review of the 2014 legislative history, we find no indication that the Legislature intended the new reference to Family Code 6211 to apply retroactively. As stated, it is a time-honored principle that absent such express intent a statute only applies prospectively. If the trial court extended the order under this subdivision, it did so without authority. At the time of Hiles's offense, the exception in section 136.2, subdivision (i), did not encompass domestic violence as defined in Family Code section 6211, and the definition set forth in section 13700 did not apply.

The court also did not have jurisdiction to impose the order beyond sentencing under section 136.2, subdivision (a). The record contains no reference to the criminal protective order as a part of Hiles's plea agreement to justify its continuation. Furthermore, the trial court lost jurisdiction after sentencing Hiles to serve three years in state prison because the court instituted the order under section 136.2. Outside of subdivision (i), the statute "authorizes injunctions only by courts with jurisdiction over criminal proceedings and is aimed at protecting only 'victim[s] or witness[es],' an

7

indication of its limited nature and focus on preserving the integrity of the administration of criminal court proceedings and protecting those participating in them." (*People v. Stone*, *supra*, 123 Cal.App.4th at p. 159.) Absent any specified time during a proceeding, section six of the "Warnings and Notices" provisions within the criminal protective order clearly states that "Orders under Penal Code section 136.2 . . . are not valid after imposition of a state prison commitment." (Judicial Council Forms, Form CR-160.) We conclude the trial court did not have jurisdiction to extend Hiles's criminal protective order under section 136.2.

## DISPOSITION

The order is reversed and this matter is remanded to the trial court with directions to terminate the criminal protective order issued under section 136.2 barring Hiles from any contact with her mother. The court shall prepare an amended abstract of the judgment reflecting the termination and forward the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


McDONALD, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

8