Filed 7/13/16  P. v. Knapp CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068520 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN339923) |
| WILLIAM ALEXANDER KNAPP, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed in part, reversed in part, and remanded for further proceedings.

Bird Rock Law Group and Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

William Alexander Knapp appeals from a judgment entered against him after he pleaded guilty to one count of human trafficking of a minor and one count of pimping a

prostitute under the age of 16 years. The only named victim was T.B. Eight other counts alleged in the amended complaint—one involving T.B. and seven involving another minor, S.M.—were dismissed. At sentencing, the trial court issued a 10-year protective order pursuant to Penal Code[1] section 136.2, subdivision (i)(1) (hereafter section 136.2(i)(1)) restraining Knapp from having contact with six minors: T.B., S.M., and four other minors—M.M., M.T., R.R. and L.H.—who were not named as victims in the amended complaint.

Knapp contends (1) the court should be ordered to remove from the protective order the names of five of the six minors named as protected persons—S.M., M.M., M.T., R.R. and L.H.—because there was insufficient evidence to show they were "victims" within the meaning of section 136, which defines "victim" for purposes of a section 136.2 protective order. Knapp also contends (2) the court erred by failing to engage in a meaningful factual analysis of the factors set out in section 136.2(i)(1) as guidance to trial courts in determining the duration of a protective order, and thus the matter should be remanded for a "full analysis of the factors set out in the statute regarding duration of the protective order."

The Attorney General responds that the evidence showed "there was reason to believe all of the girls named in the protective order were part of [Knapp's] human trafficking scheme," but concedes the matter should be remanded for a determination of whether there is factual support for the 10-year duration of the protective order.

---

1      All further statutory references are to the Penal Code.

We conclude that S.M., M.M., M.T., R.R. and L.H. were properly named as protected persons in the challenged protective order because they all met the broad definition of "victim" set forth in the statutory scheme. We also conclude, however, that the 10-year duration provision of the protective order, setting July 23, 2025, as the expiration date, must be reversed and the matter remanded for a determination of the appropriate duration of the protective order in light of the factors set forth in section 136.2(i)(1).

FACTUAL AND PROCEDURAL BACKGROUND

A. *Charges*

In early February 2015, the San Diego County District Attorney's Office filed an amended complaint charging Knapp with 10 counts: two counts of human trafficking of a minor (counts 1 & 8: § 236.1, subd. (c)(1)); pimping a prostitute under the age of 16 years (count 2: § 266h, subd. (a); victim: S.M.); pandering by procuring a prostitute who was under the age of 16 years old (count 3: § 266i, subd. (a)(1); victim: S.M.); procuring a child under the age of 16 to engage in a lewd act (count 4: § 266j); three counts of committing a lewd act upon a child 14 or 15 years old (counts 5-7: § 288, subd. (c)(1); victim: S.M.); pimping a minor prostitute who was 16 years of age and older (count 9: § 266h, subd. (a); victim: T.B.); and pandering by procuring a minor (T.B.) who was 16 years of age and older (count 10: § 266i, subd. (a)(1)). The complaint also contained the following enhancement allegations: as to counts counts 2 and 3, the victim (S.M.) was under the age of 16 years (§ 266h, subd. (b)(2)); as to count 9, the person engaged in

3

prostitution (T.B.) was a minor 16 years of age and older (§ 266h, subd. (b)(1)); and, as to count 10, the victim (T.B.) was a minor 16 years of age and older (§ 266i, subd. (b)(1)).

B. *Knapp's Guilty Plea and the Factual Basis for His Plea*

Pursuant to a plea agreement, Knapp pleaded guilty to count 1 (human trafficking of a minor) and count 9 (pimping a minor prostitute (T.B.) who was 16 years of age and older), and he admitted the count 9 enhancement allegation that the person engaged in prostitution (T.B.) was a minor 16 years of age or older. The prosecutor agreed to dismiss the remaining charges.

As the factual basis for his guilty plea, Knapp admitted he induced a minor to engage in a commercial sex act with the intent to effect and maintain a violation of sections 266h (pimping a minor), 266i (pandering with a minor), or 266j (procuring a child under the age of 16 for lewd and lascivious acts), as charged in count 1. He also admitted he knew T.B. was a prostitute and was 17 years old, and that he intended to derive support from her proceeds as a prostitute, as charged in count 9.

C. *Sentencing and Protective Order*

On July 24, 2015, the court sentenced Knapp to a state prison term of nine years four months and ordered him to register as a sex offender pursuant to section 290.

On that same date, the court issued a criminal protective order pursuant to section 136.2(i)(1), requiring Knapp to have no contact with T.B., S.M., M.M., M.T., R.R. and L.H. for a 10-year period that will expire on July 23, 2025.

4

DISCUSSION

## I. *PROTECTED PERSONS NAMED IN THE PROTECTIVE ORDER*

Knapp first contends the trial court should be ordered to remove from the protective order the names of five of the six minors named as protected persons—S.M., M.M., M.T., R.R. and L.H.—because there was insufficient evidence to show they were victims within the meaning of section 136, which defines "victim" for purposes of a section 136.2 protective order.[2] We reject this contention.

### A. *Applicable Legal Principles*

#### 1. *Statutory framework*

Section 136.2, subdivision (a) authorizes a trial court to issue a protective order "to protect 'a victim or witness' in a criminal matter." (*People v. Beckemeyer* (2015) 238 Cal.App.4th 461, 465 (*Beckemeyer*); § 136.2, subd. (a)(1).[3])

For purposes of a section 136.2 protective order, section 136 defines "victim" as "*any natural person with respect to whom there is reason to believe that any crime* as defined under the laws of this state . . . is being or *has been perpetrated or attempted to be perpetrated*." (§ 136, italics added; *Beckemeyer, supra,* 238 Cal.App.4th at p. 465.)

---

[2]    Knapp acknowledges the protective order was "legally authorized as to [T.B.]"

[3]    Section 136.2, subdivision (a)(1) provides: "Upon a good cause belief that harm to, or intimidation or dissuasion of, a victim or witness has occurred or is reasonably likely to occur, a court with jurisdiction over a criminal matter may issue orders, including, but not limited to, the following . . . ." The section then lists various types of protective orders the court may issue. (§ 136.2, subd. (a)(1)(A)-(G).)

"The courts have construed section 136.2, subdivision (a) to authorize imposition of protective orders only during the pendency of the criminal action." (*Beckemeyer*, *supra*, 238 Cal.App.4th at p. 465.) "Thus, once the defendant is found guilty and sentenced, the court's authority to issue a protective order under section 136.2, subdivision (a) generally ceases." (*Ibid*.)

However, effective January 1, 2012, the Legislature created an exception to this restrictive judicial construction by adding subdivision (i)(1) to the statutory scheme, requiring trial courts to consider issuing a protective order restraining a criminal defendant, for a period of "up to 10 years," from having any contact with the victim in all cases in which the defendant (like Knapp) has been convicted of any crime that requires the defendant to register as a sex offender pursuant to subdivision (c) of section 290. (Stats. 2011, ch. 155, § 1; see § 136.2(i)(1); *Beckemeyer*, *supra*, 238 Cal.App.4th at p. 465.) Section 136.2(i)(1) provides in part:

> "*In all cases in which a criminal defendant has been convicted of . . . any crime that requires the defendant to register pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim.* The order may be valid for *up to 10 years*, as determined by the court. This protective order may be issued by the court regardless of whether . . . imposition of sentence is suspended and the defendant is placed on probation. It is the intent of the Legislature in enacting this subdivision that the duration of any restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family." (Italics added.)

6

2. *Statutory interpretation*

Issues of statutory interpretation are questions of law subject to de novo appellate review. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1181.)

"When interpreting a statute, we view the statutory enactment as a whole; consider the plain, commonsense meaning of the language used in the statute; and seek to effectuate the legislative intent evinced by the statute." (*Beckemeyer*, *supra*, 238 Cal.App.4th at p. 465.)

B. *Analysis*

As noted, for purposes of a section 136.2 protective order, section 136 broadly defines "victim" as "any natural person with respect to whom there is *reason to believe* that any crime . . . has been perpetrated or attempted to be perpetrated." (§ 136, italics added; *Beckemeyer*, *supra*, 238 Cal.App.4th at p. 465.) The issue presented here is whether the five minors who Knapp claims should not be listed as protected persons in the challenged protective order—S.M., M.M., M.T., R.R. and L.H.—qualified as "victims" within the meaning of sections 136 and 136.2, subdivisions (a) and (i)(1).

It is well-established that information set forth in probation reports, including unsworn or out-of-court information relative to the circumstances of a crime, is sufficiently reliable to support a sentencing court's determinations about whether to place a defendant on probation, the level of the defendant's culpability for purposes of selecting an appropriate sentence, and the amount of restitution. (See Cal. Rules of Court, rule

7

4.411.5;[4] *People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755; *People v. Baumann* (1985) 176 Cal.App.3d 67, 81.)  Section 1203, subdivision (b) requires a probation officer to "make a written report to the court of his or her findings and recommendations" (§ 1203, subd. (b)(2)(A)) resulting from an investigation into "the circumstances surrounding the crime and the prior history and record of the [defendant]."  (§ 1203, subd. (b)(1).)  "[A] sentencing court is authorized to consider a much broader range of material than that allowed at trial on the issue of guilt or innocence."  (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)  Thus, a trial court may properly consider the facts set forth in a probation report when issuing a protective order during sentencing.

We conclude substantial evidence supports the court's implied finding that the five subject minors qualified as victims within the meaning of sections 136 and 136.2, subdivisions (a) and (i)(1) because, based on the probation report, there was reason to believe the minors were victims of Knapp's human trafficking operation, and thus the court properly included them as protected persons when it issued the protective order. The probation report sets forth the statements that S.M., M.M., M.T., R.R. made during their interviews with law enforcement officers, showing they were all victims of Knapp's human trafficking.  For example, S.M. reported that, on one occasion, Knapp made $100 during a "gang bang" in which she had sex with three men while Knapp watched.  M.T.

---

4      California Rules of Court, rule 4.411.5(a) provides in part:  "A probation officer's presentence investigation report in a felony case must include at least the following: [¶] . . . [¶] (2) The facts and circumstances of the crime and the defendant's arrest, including information concerning any co-defendants . . . .[¶] . . . [¶] (5) Information concerning the victim of the crime, including:  [¶] (A)  The victim's statement or a summary thereof, if available."

reported that, on one occasion, Knapp picked her up along with her friend L.H., told them they were going to work, took them to a motel, told M.T. she would have sex with one of his clients, and on the first night she had six "dates." R.R. reported that after she met with Knapp, she had sexual intercourse with a man who paid her $100, and she turned the money over to Knapp. At Knapp's sentencing, without a defense objection, the court ordered him to pay restitution to M.T., T.B., M.M., and L.H.

For all of the foregoing reasons, we conclude that the court properly named S.M., M.M., M.T., R.R. and L.H. as protected persons in the challenged protective order because they all met the broad definition of victim set forth in the statutory scheme.

## II. *DURATION OF THE PROTECTIVE ORDER*

Knapp also contends the court erred by failing to engage in a meaningful factual analysis of the factors set out in section 136.2(i)(1) as guidance to trial courts in determining the duration of a protective order, and thus the matter should be remanded for a "full analysis of the factors set out in the statute regarding duration of the protective order." The Attorney General acknowledges the matter should be remanded for a determination of whether there is factual support for the 10-year duration of the protective order. We agree.

As noted, *ante*, section 136.2(i)(1) provides in part that "[i]t is the intent of the Legislature in enacting this subdivision that the duration of any restraining order issued by the court be based upon the *seriousness of the facts* before the court, the *probability of future violations*, and the *safety of the victim and his or her immediate family*." (Italics added.)

9

Here, nothing in the record shows the court considered these or any other factors in ordering that the protective order restraining Knapp from having contact with T.B., S.M., M.M., M.T., R.R. and L.H. be valid for a period of 10 years. After the court indicated it was going to issue the protective order, the prosecutor asked that it be valid for 10 years, which is the maximum permissible duration of such an order (see § 136.2(i)(1). Without any analysis or comment, the court ordered that the protective order would be in effect until July 23, 2025, which is a 10-year period. Accordingly, we conclude the 10-year duration provision of the protective order must be reversed and the matter remanded for a determination of the appropriate duration of the protective order in light of the factors set forth in section 136.2(i)(1).

## DISPOSITION

The 10-year duration provision of the protective order dated July 24, 2015, which sets July 23, 2025, as the expiration date, is reversed. In all other respects, the judgment is affirmed. The matter is remanded to the superior court with directions to (1) determine in the exercise of the court's discretion, after providing defendant Knapp notice and an opportunity to be heard, the appropriate duration of the protective order in

10

light of the factors set forth in Penal Code section 136.2, subdivision (i)(1); (2) state on the record the reasons for the duration determined by the court; and (3) amend the protective order to reflect that duration.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.

11