Filed 4/13/20 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JUAN F. CORRALES,<br><br>　　Defendant and Appellant. | B297181<br><br>(Los Angeles County<br>Super. Ct. No. BA472326)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION FOR<br>REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

IT IS ORDERED that the opinion in the above-entitled matter filed on March 10, 2020, be modified as follows:

1.  On page 1, in the listing of counsel, Acting Senior Assistant Attorney General's name is corrected to read Susan Sullivan Pithey.

2.  On page 3, the last sentence of the first paragraph under DISCUSSION is deleted and replaced as follows:  "Accordingly, section 136.2 generally does not authorize a trial court to impose a postjudgment restraining order against a criminal defendant.  (*Id.*, at p. 382.)  We emphasize for clarity that the postjudgment orders authorized by section 136.2, subdivision(i)((1) (see footnote 3, *post*), are not applicable to this set of facts."

3. On page 5, the first sentence of the first full paragraph is deleted and replaced as follows: "While it may have been reasonable for the People to seek court intervention to protect the victims based on specific facts, section 136.2 is not the proper vehicle for obtaining a postjudgment restraining order because that statute authorizes protective orders only during the pendency of criminal proceedings, subject to inapplicable exceptions set out below."

Plaintiff and Respondent's petition for rehearing is denied.

[There is no change in the judgment.]

_____

BIGELOW, P. J.        GRIMES, J.        STRATTON, J.

Filed 3/10/20 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B297181 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA472326) |
| v. | |
| JUAN F. CORRALES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Renee Korn, Judge.  Order stricken.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pitney, Acting Senior Assistant Attorney General, Kenneth C. Byrne and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Appellant set fire to a palm tree next to a strip mall in Los Angeles. Although charged with two felonies, a jury convicted him of misdemeanor unlawful burning of the property of another in violation of Penal Code section 452, subdivision (d).[1] During sentencing, the trial court ordered appellant to stay 100 yards away from the building adjacent to the palm tree. Appellant challenges the stay-away order, arguing the trial court lacked authority to issue it. We agree and strike the order.

## FACTUAL BACKGROUND

At sentencing, the trial court imposed a 180-day term in the county jail, but appellant already had earned 305 days of pretrial custody credit toward his sentence and was to be immediately released. Over objection, the trial court orally issued an order for appellant to stay away from the strip mall: "[H]e should stay away from that location, because everyone at that location who was there that day and saw what he did and went through that obviously would be upset to see him on that property again." The court continued, "I am going to order you – again, this has no teeth to it, other than telling you not to go to that location, and it would be a violation of the court order if you go to that location. But again, if you don't follow it, it's certainly not a violation of probation, it's a violation of a court order which could mean a new charge against you."

The minute order states, "Defendant is ordered to stay 100 yards away from the perimeter area of 530 E. Washington Boulevard." The minute order does not impose a limit on the

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

2

duration of the stay-away order or recite the statutory authority upon which the order was based.

## DISCUSSION

The minute order reflects the court was issuing a protective order in criminal proceedings. Consequently the order must comply with the requirements of section 136.2, unless a more specific statute applies. (*People v. Selga* (2008) 162 Cal.App.4th 113, 118.) Section 136.2 authorizes protective orders which "are 'operative only during the pendency of criminal proceedings and as prejudgment orders.'" (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1325; *People v. Beckemeyer* (2015) 238 Cal.App.4th 461, 465.) The only purpose of a section 136.2 protective order is to "'protect victims and witnesses in connection with the criminal proceeding in which the restraining order is issued in order to allow participation without fear of reprisal.'" (*People v. Ponce* (2009) 173 Cal.App.4th 378, 383 (*Ponce*).) Accordingly, section 136.2 does not authorize a trial court to impose a postjudgment restraining order against a criminal defendant. (*Ponce*, at p. 382.)

Relying on *Townsel v. Superior Court* (1999) 20 Cal.4th 1084 (*Townsel*), the People argue the order was properly issued based on the court's inherent authority to protect the integrity of the judicial process. This argument ignores that the order in *Townsell* was supported by "circumstances" that raised "serious concerns about juror safety." (*Id.* at p. 1097.) The defendant in *Townsel* had been convicted of murdering one victim because she was a witness to a previous crime and was also convicted of attempting to prevent or dissuade a witness. Consequently the trial court's order was justified because of the defendant's history of interfering with the judicial process by killing or threatening

3

witnesses.  (*Ponce, supra,* 173 Cal.App.4th at p. 384.)  *Townsel* does not support the conclusion that a court can issue a postjudgment protective order under section 136.2 based on its inherent authority.[2]

Ponce limited *Townsel* to its facts and so do we.  Moreover, as the *Ponce* court stated, even if the trial court relied on " 'inherent judicial authority' " to issue its order, the result would not change.  An existing body of statutory law regulates restraining orders.  Inherent powers should never be exercised in such a manner as to nullify existing legislation.  (*Ponce, supra,* 173 Cal.App.4th at p. 384.)  Where the Legislature authorizes a specific variety of available procedures, the courts should use them and should normally refrain from exercising their inherent powers to invent alternatives.  (*People v. Trippet* (1997) 56 Cal.App.4th 1532, 1550.)  Existing statutory provisions authorizing long-term protective orders set forth numerous procedural protections for those subject to them.  (*Ponce,* at p. 383.)  Consequently, "the Legislature intended a 'narrower scope' for section 136.2 orders" so that they would be limited to prejudgment proceedings.  (*Ponce,* at p. 383.)  If the duration were " 'not so limited, restraining orders under section 136.2

---

[2]     *Townsel* held that a court can issue a protective order requiring appellate counsel to get approval from the court before contacting jurors in a death penalty case almost a decade after conviction.  (*Townsel, supra,* 20 Cal.4th at p. 1097.)  The court in *Townsel* determined that the order was authorized by the court's inherent power to protect the privacy and physical safety of jurors, noting the strong public interest in the integrity of our jury system.  (*Id.* at pp. 1095, 1097.)  *Townsel* does not purport to endorse any other authority inherent in the court for any other purpose and makes no mention of section 136.2.

would usurp the similar restraining orders obtainable under Code of Civil Procedure section 527.6, and undermine the numerous procedural protections for the restrainee afforded by that section.' " (*Ponce,* at p. 383.)

While it may have been reasonable for the People to seek court intervention to protect the victims based on specific facts, section 136.2 is not the proper vehicle for obtaining a postjudgment restraining order because that statute authorizes protective orders only during the pendency of criminal proceedings. Nor are there any other statutes authorizing such unlimited postjudgment restraining orders based on the misdemeanor conviction appellant sustained.[3] The stay-away

---

[3] Section 136.2, subdivision (i)(1) provides for postjudgment orders for those convicted of a crime involving domestic violence; a violation of sections 236.1, subdivision (a) (human trafficking), 261 (rape), 261.5 (unlawful sexual intercourse with a minor), 262 (spousal rape), 266h, subdivision (a) (pimping), 266i, subdivision (a) (pandering), or 186.22 (street terrorism); or any conviction requiring registration as a sex offender pursuant to section 290, subdivision (c). Section 1203.1, subdivision (i)(2) authorizes a postjudgment no-contact order in a sex offense where registration applies and the sentence is probation. Section 1201.3, subdivision (a)(2) authorizes a no-contact postjudgment order where the defendant is convicted of a sex offense involving a minor victim. Section 646.9, subdivision (k)(1) authorizes a no-contact postjudgment order for a defendant convicted of stalking. Section 368, subdivision (l) authorizes orders pertaining to crimes against the elderly and dependent adults. Sections 273.5, subdivision (j) and 1203.097, subdivision (a) authorize protective orders for crimes involving domestic violence. Defendant was not placed on probation so the court's authority to set posttrial probation conditions cannot be invoked.

order exceed the authorization of section 136.2 and must be stricken.

## DISPOSITION

The trial court's stay-away order is stricken.

**CERTIFIED FOR PUBLICATION**

STRATTON, J.

We concur:

BIGELOW, P. J.

GRIMES, J.