Filed 10/28/20  P. v. Beckemeyer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN ROBERT BECKEMEYER,<br><br>    Defendant and Appellant. | D077262<br><br><br><br>(Super. Ct. No. SCE317734) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

We find no error in this appeal filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

BACKGROUND

The parties stipulated to the preliminary hearing transcript as the factual basis for defendant's plea in the original appeal in this case:  *People v.*

*Beckemeyer* (2015) 238 Cal.App.4th 461.[1]  Based on the preliminary hearing,

defendant and Linda Ann M. began dating in December of 2011.  That

relationship ended on January 8, 2012, because Linda felt defendant was

extremely controlling and jealous.  Linda did not allow defendant to enter her

house any longer.  However, on January 12, 2012, defendant did come to her

house, and confronted her in the bathroom.  Defendant refused to leave.  He

hit her on the head with his fist, knocked her down, repeatedly hit her head

on the floor, pulled her hair out of her head, and tried to choke her; stating as

he did so, "If I can't have you, nobody's going to want you."  When Linda's

adult son came into the bathroom to stop the assault, defendant assaulted

him.  Defendant knocked down the son, hit him repeatedly with a cane and a

rock, and tried to stab him with the sharp metal jagged edge of the cane.

Defendant then assaulted Linda again.  Officers responding to a 911 call

subdued and arrested defendant.  (*Beckemeyer*, at pp. 463–464.)

On April 29, 2013, a seven-count information was filed against

defendant by the San Diego County District Attorney.  The information

alleged attempted murder (Pen. Code,[2] §§ 664/187; count 1), felony assault

(§ 245, subd. (a)(1); count 2), two counts of felony assault with an allegation of

personal use of a deadly weapon (§§ 245, subd. (a)(1), 1192.7 subd. (c)(23);

counts 3 & 4), criminal threat (§ 422; count 5), dissuading a witness (§ 136.1,

subd. (a)(2); count 6), and resisting an officer (§ 69; count 7).  Five prison

priors were alleged.  (§ 667.5, subd. (b).)  One strike prior (§ 667, subds. (b)-

---

[1]    The judgment below and the notice of appeal spell the defendant's
name as "Beckmeyer."  Defendant, John Robert Beckemeyer, has signed
his name as "Beckemeyer."  We use defendant's spelling of his name."

[2]    Further statutory references are to the Penal Code.

(i)) was alleged and one serious felony prior allegation (§ 667, subd. (a)) was added by interlineation.

The parties entered a negotiated plea on June 3, 2013. Defendant pleaded guilty to count 1, attempted murder, and count 3, felony assault with an admission he used a deadly weapon. He also admitted he suffered one strike prior, one prison prior, and one serious felony prior. In exchange, the People dismissed the balance of the information. Sentencing was left to the discretion of the court, who indicated defendant would receive 16 years in prison.

On January 28, 2014, defendant was sentenced to 16 years in prison calculated as follows: count 1, the low term of five years, doubled by the strike prior to 10 years; count 3, the low term of two years doubled by the strike prior to four years, stayed per section 654; plus an additional five years for the serious felony prior, and one year for the prison prior.

On December 19, 2019, the court took "no action" on a letter written from the Secretary of the Department of Corrections and Rehabilitation (DCR) recommending defendant be resentenced pursuant to section 1170, subdivision (d). When defendant was sentenced, imposition of a five-year enhancement for a prior serious felony conviction was mandatory. The Legislature amended this law, effective January 1, 2019, giving courts discretion to strike the prior serious felony enhancement. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) DCR recommended that defendant's sentence be recalled for the court to exercise its discretion under the amended law. Defendant filed a timely notice of appeal from the court's denial of relief.

We have reviewed the record and the potential issues to which counsel and defendant have pointed us. Section 1170, subdivision (d)(1) provides that the Secretary of the DCR can recommend that a court recall a defendant's

sentence in identified circumstances. It states in part that the trial court "*may*, . . . upon the recommendation of [certain officials including the secretary of the DCR] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced . . . ." (§ 1170, subd. (d)(1), italics added.) The statute is clearly permissive, not mandatory—it uses the verb "may," not "shall." (*Ibid.*; *People v. Humphrey* (2020) 44 Cal.App.5th 371, 377 (*Humphrey*); *People v. Gibson* (2016) 2 Cal.App.5th 315, 324 (*Gibson*); *People v. Delson* (1984) 161 Cal.App.3d 56, 62 (*Delson*).) The court is not required to hold a hearing on the DCR's recommendation. (*Delson*, at p. 61; *People v. Frazier* (Oct. 13, 2020, B300612) __ Cal.App.5th __ [2020 WL 6041867]; *People v. McCallum* (Sept. 30, 2020, B301267) __ Cal.App.5th __ [2020 WL 5810212, *7] [no statutory or due process right to hearing on whether to recall] (*McCallum*).) Defendant has no due process right to an attorney when the DCR recommends recall and resentence. (*Frazier*, at p. 4.)

We review the trial court's decision on DCR's recommendation to recall for an abuse of discretion. (*Gibson, supra*, 2 Cal.App.5th at p. 324.) If the court had decided to strike the five-year enhancement, the plea bargain would have had to be withdrawn, as a court cannot whittle down a negotiated sentence while leaving the plea bargain intact. (*People v. Stamps* (2020) 9 Cal.5th 685, 706.) When the record is silent we presume the court exercised its discretion properly. (*People v. Lee* (2017) 16 Cal.App.5th 861, 867.) The court did not abuse its discretion in taking no action on the recommendation here.

The Second District has recently held that a defendant has no due process right to a hearing in response to a recommendation from DCR, but that the trial court abused its discretion in not giving the defendant an

4

opportunity to present information relevant to DCR's recommendation before the court made its order. (*McCallum*, *supra*, 2020 WL5810212, pp. *7–8.) We find the *McCallum* rule impractical, however, unless the defendant has notice of the hearing and counsel to assist in marshalling evidence in support of the recommendation. The defendant here had no notice of the recommendation. The DCR letter to the court was copied to the Public Defender and the district attorney only. The court summarily decided to take no action on the recommendation without the presence of either a public defender or a deputy district attorney. A hearing is not required on a recommendation from the DCR. (*McCallum*, at p. *7.) Counsel is not required, either, and summary denial of a recommendation from the DCR without a hearing or counsel has been upheld in *Frazier*, *supra*, 2020 WL 6041867 at pages 1 and 6. The *McCallum* finding of an abuse of discretion was specific to that case and did not state a broader rule applicable here.

We also note that the prison prior enhancement was amended in 2019 such that it would no longer be applicable to defendant. As of January 1, 2020, section 667.5, subdivision (b) provides in relevant part, "[W]here the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code . . . ." Defendant is not entitled to the benefit of this ameliorative amendment because his sentence was final in 2014, well before enactment of the amendment. Penalty assessments are applied retroactively only to judgments not final. (*In re Estrada* (1965) 63 Cal.2d 740, 745–748 [penalty reductions applied retroactively only to judgments not yet final]; *People v. Brown* (2012) 54 Cal.4th 314, 323 [amended statutes apply to

5

defendants whose judgments are not yet final on the statute's operative date].)

We have independently reviewed the record in full and conclude there are no issues that would result in modification or reversal.

Defendant is represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


GUERRERO, J.