Filed 9/8/22  P. v. Chavez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANDREW OMAR CHAVEZ,<br><br>     Defendant and Appellant. | D079428<br><br><br><br>(Super. Ct. No. SCD274047) |

APPEAL from an order of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed as modified.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity A. Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Andrew Omar Chavez pleaded guilty to assault with a deadly weapon (count one) (Pen. Code, § 245, subd. (a)(1)),[1] a serious felony, and assault by means of force likely to produce great bodily injury (count three) (§ 245, subd. (a)(4)), a nonserious felony. Pursuant to the plea agreement, Chavez was to complete a domestic violence recovery program (DVRP); upon successful completion of the DVRP, he would be permitted to withdraw his guilty plea to count one and that count would be dismissed. After over three years had passed and Chavez had not yet completed DVRP, the court declined to allow Chavez more time to do so. The prosecutor agreed to dismiss count three, the nonserious felony of assault by means of force likely to produce great bodily injury. Chavez was convicted of count one, assault with a deadly weapon. The court imposed three years of formal probation on certain terms and conditions, including that Chavez complete DVRP and comply with a criminal protective order protecting the victim of Chavez's assault.

On appeal, Chavez argues that the three-year probation term must be stricken and replaced with a two-year term in accordance with Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950)[2] because the three-year probation term for domestic violence under section 1203.097 cannot apply where he did not commit domestic violence as defined in Family Code section 6211. Chavez also contends that the criminal protective order issued pursuant to section 136.2, subdivision (i)(1) is unauthorized and must be stricken because

---

[1]    Unless otherwise indicated, statutory references are to the Penal Code.

[2]    AB 1950 amended section 1203.1 to limit a felony probation term to no longer than two years, with certain exceptions. Section 1203.1, subdivision (l)(1) provides that the two-year limit shall *not apply* to any felony offense "that includes specific probation lengths within its provisions."

his conviction did not involve domestic violence as defined in section 13700 or Family Code section 6211.  Chavez further argues that the probation condition requiring that he comply with the protective order must also be stricken.  Finally, Chavez contends that the probation condition requiring that he complete DVRP must be stricken because the victim of Chavez's assault does not qualify as a victim of domestic violence as defined in Family Code section 6211.

We conclude that the three-year probation term was improper and that the order granting probation must be modified to impose a two-year probation term instead.  We further conclude that the trial court erred in issuing a criminal protective order.  The protective order, and the probation condition requiring that Chavez comply with the protective order, must be stricken.  Finally, the DVRP probation condition must also be stricken.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Chavez's attempt to stab FMD, the boyfriend of Chavez's wife, TM, from whom Chavez is separated.  Chavez and TM have one child together.  In August 2017, FMD and TM went to meet Chavez to pick up the child.  Chavez followed TM out to the car where FMD was waiting.  Chavez approached FMD and tried to stab him with a kitchen knife.  FMD backed up and Chavez tried to stab him again.  After FMD retreated to the middle of the street, Chavez stabbed FMD's car in the right rear bumper

In October 2017, Chavez was charged with assault with a deadly weapon, with an allegation that Chavez used a dangerous and deadly weapon in the commission of that crime (count one) (§ 1192.7, subd. (c)(23)), and

3

vandalism (count two) (§ 594, subd. (a)(b)(2)(A)). The only named victim is FMD.[3]

In March 2018, Chavez pleaded guilty to count one, assault with a deadly weapon, without the dangerous and deadly weapon allegation. Chavez also pleaded guilty to count three, assault by means of force likely to produce great bodily injury, which was added by interlineation. The plea agreement states, "CTS @ plea, set out PHS to do DVRP, w/ successful completion, and N/S/S w/draw plea to ct 1 & dismiss that count — dismiss balance."

At the change of plea hearing on March 21, 2018, the court confirmed Chavez's understanding of the plea agreement:

> "The form says that you are pleading guilty to count 1 and then an amended count 3 that the court will add by oral interlineation. So you're pleading guilty to count 1, assault with a deadly weapon. You're pleading guilty to an amended count 3, assault by means of force likely to produce great bodily injury.
>
> "In exchange for your plea, then we will set out sentencing for you to enroll in and get started with the domestic violence recovery program. With your successful completion of that, you'll—there's an agreement that you will be released today. With your successful completion of that, it will be credit for time served, you may withdraw your plea to count 1, and that count will be dismissed, and then you'll just have count 3, which is a nonviolent, nonserious felony, instead of a serious felony, and then the balance of the charges will be dismissed.
>
> "Is that your understanding?"

---

[3]    The charges named the victim as "DM," omitting FMD's first name and transposing his middle and last names. However, the victim's name was corrected on the record at sentencing to reflect his true name, FMD.

4

Chavez confirmed that this was his understanding of the plea agreement. There was no discussion regarding what would happen if Chavez were to fail to successfully complete DVRP. The court accepted Chavez's guilty plea to count one, assault with a deadly weapon and count three, assault by means of force likely to produce great bodily injury.

More than three years later, after a series of review hearings and a number of continuances to allow Chavez more time to complete DVRP, Chavez had still not completed DVRP. At sentencing on August 30, 2021, defense counsel reminded the court that when Chavez pleaded guilty to assault with a deadly weapon and assault by means of force likely to produce great bodily injury, he was given an opportunity to earn a nonstrike and withdraw his guilty plea to assault with a deadly weapon, by completing DVRP. Defense counsel informed the court that Chavez had completed approximately 46 DVRP sessions; however, the classes were stopped for some period of time because of the COVID-19 pandemic, and Chavez had not yet re-enrolled. Counsel asked the court to allow Chavez one final opportunity to complete the remaining classes, which were fewer than 20. The prosecutor argued that Chavez pleaded guilty in March 2018 and that he had time to complete DVRP prior to the COVID-19 pandemic. The court declined to allow Chavez more time to complete DVRP.

After this discussion, defense counsel requested that Chavez be permitted to withdraw his guilty plea to count three, assault by means of force likely to produce great bodily injury, because it was contemplated at the time he pleaded guilty that he would be sentenced on only one felony. The court agreed that because Chavez would be receiving a strike for count one, assault with a deadly weapon, it would be appropriate to dismiss count three. The prosecutor agreed and asked the court to dismiss that count.

A probation report recommended a three-year term of probation and the prosecutor agreed, arguing that Chavez's offense fell within the domestic violence context. Defense counsel argued that probation should be limited to two years because the named victim, FMD—Chavez's estranged wife's new boyfriend—did not qualify as a victim of domestic violence as defined in the Family Code, and thus, a three-year term of probation was not authorized. Defense counsel noted that there had been no violence committed against the mother of Chavez's child or his child and that the altercation that formed the basis of the offense "was not a domestic violence incident."

The court disagreed and imposed a three-year term of probation, finding that Chavez's offense was "domestic violence related" because the assault on the victim "happened in front of the person who he had a relationship with and the child as well." The court also ordered Chavez to complete DVRP (probation condition 10(b)), disagreeing with Chavez's attorney that participation in DVRP may be imposed only where the defendant had a domestic violence relationship with the named victim. Finally, the court issued a protective order protecting FMD, pursuant to section 136.2, subdivision (i)(1), and imposed probation condition 10(d) requiring that Chavez comply with the protective order.

## DISCUSSION

Chavez contends that the three-year probation term must be stricken and replaced with a two-year term in accordance with AB 1950. Chavez also argues that the criminal protective order that the trial court issued pursuant to section 136.2, subdivision (i)(1) is unauthorized and that the probation condition requiring that he comply with the protective order must be stricken. Finally, Chavez contends that the probation condition requiring that he complete DVRP must be stricken.

6

We conclude that the three-year probation term was improper and that the order granting probation must be modified to impose a two-year probation term instead. We also conclude that the criminal protective order and the probation condition requiring Chavez to comply with that order must be stricken. Finally, we conclude that the probation condition requiring Chavez to complete DVRP must be also be stricken.

## A. Three-Year Probation Term

Chavez contends that the three-year probation term must be replaced with a two-year term in accordance with AB 1950. The People argue that due to the nature of Chavez's conviction, he qualified for an exception to AB 1950 that authorizes a longer term when the offense of conviction includes a specific term of probation within its provisions. The People contend that the probation term for a domestic violence offense under section 1203.097 applies. We agree with Chavez.

AB 1950 went into effect on January 1, 2021. (Cal Const., art. IV, § 8, subd. (c).) It amended section 1203.1 to limit a felony probation term to no longer than two years, with certain exceptions. Section 1203.1, subdivision (l)(1) provides that the two-year limit shall *not apply* to any felony offense "that includes specific probation lengths within its provisions."

Section 1203.097 specifies conditions of probation, including a specific probation length for crimes of domestic violence: "(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: (1) A minimum period of probation of 36 months, which may include a period of summary probation as appropriate."

7

Section 6211 of the Family Code provides:

> " 'Domestic violence' is abuse perpetrated against any of the following persons:
>
> "(a) A spouse or former spouse.
>
> "(b) A cohabitant or former cohabitant, as defined in Section 6209.
>
> "(c) A person with whom the respondent is having or has had a dating or engagement relationship.
>
> "(d) A person with whom the respondent has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12).
>
> "(e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act, where the presumption applies that the male parent is the father of the child to be protected.
>
> "(f) Any other person related by consanguinity or affinity within the second degree."

The interpretation of a statute presents a question of law, which we review de novo. (*Searles Valley Minerals Operations, Inc. v. State Bd. of Equalization* (2008) 160 Cal.App.4th 514, 520.)

As noted, the only named victim of Chavez's assault conviction was FMD. The People concede that Chavez does not have a relationship with FMD that would qualify FMD as a domestic violence victim as statutorily defined by Family Code section 6211. The People nonetheless argue that Chavez was convicted of a crime involving domestic violence and that the term "victim" is broadly construed. According to the People, "a victim of a domestic violence related incident cannot be viewed any differently from a

8

victim who has a statutorily defined relationship with the defendant . . . ." We disagree.

When construing a statute " '[w]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] 'If the statutory language is clear and unambiguous, then we need go no further.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211.) Section 1203.097, subdivision (a)(1) is clear that the prescribed 36-month probation term applies if a person is granted probation "for a crime in which the victim is a person defined in Section 6211 of the Family Code." (See *People v. Cates* (2009) 170 Cal.App.4th 545, 550 (*Cates*) ["We hold the language of section 1203.097 is not ambiguous . . ."].) In order for section 1203.097 to apply, the defendant need not be charged with specified domestic violence crimes such as infliction of corporal injury on a former cohabitant (§ 273.5); section 1203.097 "encompasses defendants convicted of any crime of 'abuse' *so long as the victim is a person identified in Family Code section 6211*." (*Cates*, at p. 550, italics added [applying section 1203.097 where defendant convicted of the "generic crime" of assault on his former girlfriend].) FMD does not come within any of the categories of persons listed in Family Code section 6211 who qualify as victims of domestic violence. The three-year probation term prescribed for domestic violence offenses under section 1203.097 cannot apply where the victim of Chavez's assault is not a person identified in Family Code section 6211.

The People argue that in the event that we conclude that imposition of a three-year term of probation was improper, we should remand the case for resentencing rather than order the term reduced to two years. Chavez contends that reducing the probation term to two years would deprive the superior court and the parties from determining the status of probation "at

9

the time it was terminated." However, Chavez's term of probation began on August 30, 2021. Therefore, it appears that the two-year term has not yet terminated.

The cases that the People cite in which the Courts of Appeal have remanded for resentencing are distinguishable. In *People v. Sims* (2021) 59 Cal.App.5th 943 and *People v. Scarano* (2022) 74 Cal.App.5th 993, AB 1950 was enacted while the appeals were pending. (*Sims, supra*, at p. 956; *Scarano, supra*, at p. 999.) Further, *Scarano* involved a plea agreement to a five-year probation term, requiring remand to afford the trial court and the prosecution the opportunity to withdraw from the original plea agreement. (*Scarano, supra*, at p. 999.) *People v. Stamps* (2020) 9 Cal.5th 685 also involved a plea agreement for a specified term, which included a prior serious felony enhancement. While the defendant's appeal was pending, a new law went into effect permitting the trial court to strike the felony enhancement. Thus, remand was necessary to allow the defendant the opportunity to ask the court to exercise its discretion to strike the enhancement. (*Id.* at p. 692.)

In this case, the three-year probation term was not part of a plea-bargained sentence and AB 1950 was in effect at the time of sentencing. Further, the court ordered a three-year term because it believed that Chavez came within the exception to AB 1950, finding that Chavez's offense was "domestic violence related," not because it did not believe that AB 1950 applied. For the reasons discussed above, the court erred in imposing a three-year term of probation; the court should have imposed a two-year term of probation under AB 1950. Accordingly, the order granting probation must be modified to impose two years of probation instead of three years.

## B. Protective Order and Probation Condition Requiring Compliance with Protective Order

Chavez argues that the criminal protective order that the trial court issued pursuant to section 136.2, subdivision (i)(1) is unauthorized because his conviction does not involve domestic violence as defined in section 13700 or Family Code section 6211. Chavez also contends that the probation condition requiring that he comply with the protective order must be stricken. The People argue that the protective order and probation condition are authorized because "FMD was actually assaulted during a domestic violence incident and was therefore a victim within the meaning of section 136.1 [*sic*], subdivision (i)(1)." We agree with Chavez.

Section 136.2, subdivision (i)(1) provides in relevant part:

> "When a criminal defendant has been convicted of a crime involving domestic violence as defined in Section 13700 or in Section 6211 of the Family Code, . . . the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. . . ."

Section 13700 defines domestic violence as follows:

> "(b) 'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship. . . ."

Section 6211 of the Family Code, as noted above, defines domestic violence as follows:

> " 'Domestic violence' is abuse perpetrated against any of the following persons:

11

"(a) A spouse or former spouse.

"(b) A cohabitant or former cohabitant, as defined in Section 6209.

"(c) A person with whom the respondent is having or has had a dating or engagement relationship.

"(d) A person with whom the respondent has had a child, where the presumption applies that the male parent is the father of the child of the female parent under the Uniform Parentage Act (Part 3 (commencing with Section 7600) of Division 12).

"(e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act, where the presumption applies that the male parent is the father of the child to be protected.

"(f) Any other person related by consanguinity or affinity within the second degree."

We review this matter of statutory interpretation de novo. (*Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 956.)

As discussed above, Chavez was not convicted of a crime involving domestic violence as defined in Section 6211 of the Family Code. Section 13700 is similarly unambiguous in defining domestic violence and who, in relation to the defendant, may be considered a victim of domestic violence. As noted, FMD is the only named victim of Chavez's offense and he does not qualify as a domestic violence victim as statutorily defined by section 13700.

The People appear to argue that Chavez's conduct directed toward FMD rendered TM a victim of domestic abuse, urging that "given [Chavez's] violent conduct toward FMD, it cannot be said that TM was not in reasonable fear [Chavez] would inflict serious bodily injury on FMD during the confrontation." (Citing § 13700 [defining "abuse" as "intentionally or

12

recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another"].) The People further contend that Chavez's offense cannot be insulated from the domestic violence category on the ground that "he did not commit an act of violence directly on his estranged wife or child." The cases on which the People rely are distinguishable and demonstrate that in order for a protective order to issue under section 136.2, subdivision (i)(1), the defendant must be charged with a crime involving domestic violence against a person with whom the defendant has a domestic relationship as defined by section 13700 or Family Code section 6211.

*People v. Beckemeyer* (2015) 238 Cal.App.4th 461 (*Beckemeyer*) clearly involved an offense against a domestic violence victim. The defendant was convicted of attempted murder of his girlfriend. (*Id.* at p. 464.) The defendant was also convicted of assault against his girlfriend's son, arising from the same incident. (*Id.* at p. 464.) The trial court issued a protective order pursuant to section 136.2, subdivision (i)(1), protecting both the girlfriend and the girlfriend's son. (*Beckemeyer*, at p. 463.) The defendant argued that the protective order must be stricken as to the girlfriend's son because, unlike the girlfriend herself, her son did not qualify as a domestic violence victim. (*Ibid.*)

The Court of Appeal noted that "section 136.2[, subdivision ](i)(1) authorizes a postconviction restraining order (1) when the crime qualifies as a 'domestic violence' crime, and (2) the protected person qualifies as a 'victim.' " (*Beckemeyer, supra*, 238 Cal.App.4th at p. 466.) First, because the defendant had been dating the girlfriend, he committed a crime that qualified as domestic violence. (*Ibid.*, citing § 13700, subd. (b) ["domestic violence" includes abuse committed against a person with whom the defendant has had

13

a dating relationship].)  Second, the girlfriend's son qualified as a "victim" because even though the son was not in a statutorily defined domestic relationship with the defendant, the defendant actually assaulted the son and was convicted of a crime against the son committed during the domestic violence incident against the girlfriend.  (*Ibid.,* citing § 136 [for purposes of a section 136.2 protective order, defining "victim" as any person against whom there is reason to believe a crime has been committed].)  Thus, the court affirmed the protective order as to the girlfriend's son.  (*Beckemeyer,* at p. 467.)

In *People v. Race* (2017) 18 Cal.App.5th 211 (*Race*), the defendant sexually assaulted his daughter and niece and was charged with two counts of lewd and lascivious acts on a child under the age of 14.  (*Id.* at p. 215.)  He pled no contest to the lesser offense of attempted lewd and lascivious acts on a child under the age of 14 committed as to his niece, but not to the offense against his daughter.  The plea agreement included a *Harvey*[4] waiver.  (*Race,* at pp. 215-216.)  At sentencing, the court issued a protective order pursuant to section 136.2, subdivision (i)(1) as to both the defendant's daughter and niece.  (*Race,* at p. 213.)  The defendant argued that the court erred in issuing the protective order as to his daughter.  Although there was no dispute that the defendant's daughter qualified as a person with whom the defendant had a domestic relationship, the defendant argued that because he had not been convicted of any offense with respect to his daughter, she was not a "victim." (*Ibid.*)  The Court of Appeal disagreed, concluding that "section 136 defines a 'victim' in a broad enough manner in which to include a victim of a charged count of which defendant does not stand convicted so long as the court had some competent evidence before it with which to conclude there was reason to

---

4      *People v. Harvey* (1979) 25 Cal.3d 754.

believe the individual was a victim of a broadly defined domestic-violence-related offense involving harm or attempted harm such that a criminal protective order should be issued." (*Id*. at p. 216.)

In both *Beckemeyer* and *Race*, the defendant was charged with an offense in which the victim qualified as a person with whom the defendant had a domestic relationship. In *Beckemeyer*, the defendant's girlfriend was the victim, and the defendant was charged and convicted of attempted murder of the girlfriend. While the girlfriend's son did not have a domestic relationship with the defendant, he qualified as a victim subject to a protective order under section 136.2 because, as noted, the defendant assaulted the son in the course of committing the domestic violence offense against the girlfriend. In *Race*, the defendant's daughter was a victim and the defendant was charged with sexual assault against the daughter; the fact that he was not ultimately convicted of that offense did not preclude the issuance of an order protecting the daughter.

In this case, Chavez was not charged with committing a crime against TM or against Chavez's and TM's child—the only people present during the assault who would qualify as having a domestic relationship with Chavez. Rather, as discussed above, FMD was the only named victim of Chavez's assault and FMD was not in a statutorily defined domestic relationship with Chavez. Section 136.2, subdivision (i)(1) authorizes a postconviction restraining order only when the crime qualifies as a domestic violence crime, and the protected person qualifies as a victim. (*Beckemeyer, supra*, 238 Cal.App.4th at p. 466.) The trial court thus erred in issuing an order of protection against Chavez protecting FMD. The protective order must therefore be stricken.

Because the trial court erred in issuing a protective order protecting FMD under section 136.2, subdivision (i)(1), probation condition 10(d) requiring Chavez to comply with the protective order must also be stricken.

## C. Probation Condition Requiring Completion of Domestic Violence Recovery Program

Chavez contends that the probation condition requiring that he complete DVRP, pursuant to section 1203.097, must be stricken because the victim of Chavez's assault does not qualify as a victim of domestic violence as defined in Family Code section 6211. The People again argue that although FMD does not qualify as a domestic violence victim as statutorily defined in Family Code section 6211, FMD should nevertheless be considered a victim for purposes of section 1203.097 because Chavez assaulted FMD in TM's presence. Alternatively, the People argue that even if the DVRP condition was not mandated by section 1203.097, the court had discretion to impose it under section 1203.1. We conclude that the DVRP condition must be stricken.

As an initial matter, in response to our request for additional briefing regarding whether Chavez is estopped from challenging the trial court's imposition of a condition that he complete DVRP, the People argue that Chavez is estopped from challenging the DVRP condition because he agreed to complete DVRP as part of his plea agreement in exchange for the dismissal of count one, the serious felony assault with a deadly weapon. The People further contend that Chavez obtained the benefit of his plea agreement by being afforded a significant opportunity to do so. While Chavez did agree to complete DVRP as part of his plea agreement, we conclude that he did not obtain the benefit of the plea agreement.

16

"[D]efendants are estopped from complaining of sentences to which they agreed." (*People v. Hester* (2000) 22 Cal.4th 290, 295.) " 'Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, . . . . The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to "trifle with the courts" by attempting to better the bargain through the appellate process.' " (*People v. Couch* (1996) 48 Cal.App.4th 1053, 1056.)

Chavez pled guilty to assault with a deadly weapon and assault by means of force likely to produce great bodily injury. The plea agreement provided that sentencing would be continued and Chavez would be released from custody in order to afford him the opportunity to complete DVRP; if Chavez successfully completed DVRP, he would be permitted to withdraw his guilty plea to count one—the serious felony (strike offense) of assault with a deadly weapon, and would be convicted of only count three—the nonserious felony of assault by means of force likely to cause great bodily injury. While Chavez received *a* benefit of this plea agreement in that he was released from custody and had a period of more than three years to complete DVRP, he did not receive *the* benefit of the bargain. Because Chavez did not successfully complete DVRP, the People were not obligated to move to dismiss count one. These were the essential terms of the plea agreement. Thus, neither party received the benefit of the plea bargain. Additionally, Chavez did not agree to complete DVRP as a "specified sentence"—i.e., he did not plead guilty in exchange for a guaranteed sentence that included DVRP—and there was no implicit agreement that Chavez would still be required to complete DVRP if he failed to do so within the time that he was afforded before sentencing.

17

Chavez is therefore not estopped from challenging the DVRP condition on appeal.

Section 1203.097 specifies conditions of probation for crimes of domestic violence: "(a) If a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include the following: . . . (6) Successful completion of a batterer's program . . . ."

As discussed above, Chavez was not convicted of a crime involving domestic violence as defined in Section 6211 of the Family Code because FMD—the only named victim of Chavez's offense—does not come within any of the categories of persons listed in Family Code section 6211 who qualify as victims of domestic violence. Thus, probation condition 10(b) requiring that Chavez complete DVRP was unauthorized under section 1203.097.

Section 1203.1 grants the court discretion to impose reasonable conditions of probation:

> "(j) The court may impose and require any or all of the terms of imprisonment, fine, and conditions specified in this section, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ."

While section 1203.1 gives the court discretion to impose reasonable probation conditions, the People cite no cases in which a court has imposed a probation condition requiring the completion of DVRP, under section 1203.1. Further, the record demonstrates that section 1203.1 was not the statutory basis for the court's order that Chavez complete DVRP. Not only did the court find that DVRP was proper because Chavez's offense occurred in the

presence of his wife and his child, but the order granting probation indicates that Chavez was ordered to complete a "Batterer's Program" per section 1203.097.

Because the trial court erred in imposing probation condition 10(b) requiring that Chavez complete DVRP under section 1203.097, that condition must be stricken.

## DISPOSITION

The order granting probation is modified to impose a two-year probation term instead of a three-year probation term. The criminal protective order is stricken. Probation condition 10(d) requiring that Chavez comply with the protective order is stricken. Probation condition 10(b) requiring that Chavez complete DVRP is also stricken. The order is affirmed in all other respects.

AARON, Acting P. J.

WE CONCUR:

IRION, J.

DATO, J.

19